UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| GARY DONALD HANNEMAN, | ) | |
| Petitioner, | ) | 3:05-cv-0284-ECR-VPC |
| vs. | ) | **ORDER** |
| NEVADA ATTORNEY GENERAL, *et al.*, | ) | |
| Respondents. | ) | |

This action is on a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254, by Gary Hanneman, a Nevada prisoner. The matter is before the court on petitioner's request for reconsideration (docket # 58). Respondents have opposed the motion (docket #62) and petitioner has filed an addendum (docket #63).

**I.    Discussion**

Petitioner seeks an "en banc/panel rehearing" of his petition and this court's order denying relief. He state that he "disagrees with the order," suggesting the court "overlooked/misunderstood/misinterpreted/misaprehended [sic] [the] law" and argues that the decision conflicts with other federal court rulings. Petitioner then sets out to reargue his position.

Respondents oppose reconsideration, noting there is no en banc review available for a district court decision, but also contending that petitioner has failed to meet the standard for reconsideration under either rule 59 or 60 of the Federal Rules of Civil Procedure.

1         Pursuant to Rule 59(e), any motion to alter or amend judgment shall be filed no later than ten days after entry of judgment.  A motion to alter or amend judgment is appropriate under limited circumstances, such as where the court is presented with newly-discovered evidence, where the court "committed clear error or the initial decision was manifestly unjust," or where there is an intervening change in controlling law.  *School Dist. No. 1J Multnomah County v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

         In this instance, the motion for reconsideration was filed on April 1, 2010, more than ten days after entry of judgment on March 28, 2010.  Petitioner provides no new evidence to persuade the court that it is in error.  There has been no intervening change in the controlling law.

         Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  The Rule permits a district court to relieve a party from a final order or judgment on grounds of:  "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).  The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." *Id*.

         While petitioner contends the court's decision was mistaken, his arguments in support of that contention have already been considered and rejected by this court in deciding the petition. The court has reviewed the guiding principles of *Miranda* and its progeny, has applied that law to the facts of petitioner's case and has concluded that he is not entitled to relief from this court under the strictures of 28 U.S.C. § 2254.  A motion for reconsideration "is not a vehicle to reargue" previously litigated issues "or to present evidence which should have been raised before." *United States v. Westlands Water District*, 134 F.Supp. 2d 1111, 1131 (E.D. Cal.  2001) (citations omitted). Nothing in this motion for reconsideration or in the addendum thereto changes the analysis or the result.  Petitioner's "Petition for En Banc/Panel Rehearing" shall be denied.

/ / /

/ / /

**IT IS THEREFORE ORDERED** that petitioner's Petition for En Banc/Panel Rehearing (docket #58) is **DENIED**.

Dated this 10th day of May, 2010.

*Edward C. Reed.*
_____
UNITED STATES DISTRICT JUDGE